ANNE M. HILFER, PLAINTIFF, v. UNITED STATES MORT-
GAGE AND TITLE GUARANTY COMPANY OF NEW
JERSEY, A CORPORATION, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided June 29, 1951.

*Mr. Arnold A. Hart,* attorney for plaintiff.

*Messrs. Reed, Reynolds & Smith,* attorneys for defendants.

GRIMSHAW, J. S. C. Plaintiff sued for the specific performance of the indemnity agreement in a guaranty of title issued to the plaintiff by the defendant company. The defect of which plaintiff complained was an outstanding franchise tax assessment against one of plaintiff's predecessors in title. Since the assessment was compromised and paid by the defendant prior to the pretrial hearing, the pretrial order limited the issues as follows:

"1. Was there a breach of the guarantee contained in the title policy?

2. If the answer to the first issue is in the affirmative, to what damages is the plaintiff entitled?"

The facts, which are not in dispute, are as follows:

On September 15, 1943, the defendant issued to the plaintiff a guaranty of title in the sum of $5,000, subject to a mortgage and certain exceptions with which we are not concerned. Among the provisions in the guaranty limiting its scope are the following provisions pertinent to the issues presented:

"I. No claim shall arise under this Guaranty unless * * * (5) there is a lawful tax, assessment or sale thereunder against said premises which was a lien at the date to which this Guaranty indemnifies and which is not excepted in this Guaranty;

II. For 30 days after receipt of notice in writing Guarantor shall have the option in the discharge of its liability (1) of paying the loss, of which the party guaranteed must present proper proof, not exceeding the amount of the Guaranty; (2) instituting, maintaining or defending either in its own name or that of the party guaranteed some proper action or proceeding begun or to be begun for the purpose of determining the validity of the objection alleged against the title, in which event the Guarantor shall be liable on this Guaranty only in case the final determination is made in such action or proceeding sustaining the objection to the title."

Some time in the month of April, 1950, plaintiff agreed to sell the property, title to which had been guaranteed. On May 15, 1950, plaintiff was notified by the vendee that there was of record an unpaid franchise tax in the sum of $200 which was claimed to be a lien on the property. On May 15, 1950, plaintiff notified the defendant of the objection to the title. On May 18, 1950, defendant informed plaintiff that negotiations with reference to the assessment were being carried on with the state authorities. Thereafter, on June 12, 1950, the defendant wrote to the plaintiff's attorney, in part, as follows:

"We understand that a recent examination of the 'title discloses that there is outstanding unpaid Franchise Tax due the State of New Jersey, as assessed against the Holland Realty Development Company for the Year 1937. This company as the guarantor of the title does hereby agree to protect any purchaser of the aforesaid owner against any loss by reason of said unpaid Franchise Tax, and does agree that it will obtain from the State of New Jersey a release covering the aforesaid lots from the lien thereof."

Thereupon, plaintiff conveyed title to the property to her vendee. Of the purchase price of $25,000, the sum of $500 was held in escrow by plaintiff's attorney until the assessment was discharged.

The complaint herein was filed on October 15, 1950. Service was acknowledged by the defendant on November 24, 1950. The assessment was paid by the defendant on October 31, 1950. Plaintiff was notified of that fact on November 2, 1950.

Plaintiff asserts that the defendant, under its contract of guaranty, was liable for the payment of the franchise tax assessment and that its delay in making such payment constituted a breach of the contract. For this delay plaintiff seeks as damages interest on $24,000 of the purchase price for 28 days; interest on $500 from May 15 to October 31; additional taxes of $42.28 and counsel fees of $500, the reasonableness of which she makes no attempt to establish.

I am unable to agree with plaintiff's contention. Under condition II of the guaranty, defendant had 30 days, after

receiving notification of the assessment, to institute proceedings to determine its validity. And defendant's liability upon the guaranty did not arise until the validity of the assessment had been established. See *Taylor v. N. J. Tille, &c., Co.*, 68 *N. J. L.* 74 (*Sup. Ct.* 1902). See, also, same case, 70 *N. J. L.* 24 (*Sup. Ct.* 1903).

Defendant did not wait the 30 days allowed by the guaranty before moving Immediately upon receiving knowledge of the assessment, it instituted proceedings in the Division of Taxation of the Department of the Treasury for a reassessment of the franchise tax. And as soon as a redetermination of the amount had been made by the state authorities, defendant paid it.

I find that defendant has not been guilty of a breach of the contract of guaranty.

Judgment for the defendant.